Argued March 16, affirmed April 12, 1921.

## NEELANDS *v.* DUGAN.

(196 Pac. 1116.)

**Libel and Slander—Calling Unmarried Woman a Prostitute not
Slanderous Per Se.**

1. Charging an unmarried woman with being a prostitute is
not slanderous *per se.*

From Deschutes: T. E. J. DUFFY, Judge.

Department 1.

The first three allegations of the complaint are as
follows:

"1. That plaintiff is now and at all of the times
hereinafter mentioned has been an unmarried woman.

---

1. Charging woman with unchastity as actionable *per se,* see
note in 15 Ann. Cas. 1242.

On actionable character of epithets that impute immorality to a
woman, see note in 4 L. R. A. (N. S.) 560.

Orally charging a woman with being a whore or prostitute as
actionable *per se,* see note in 11 A. L. R. 669.

"2. That on January 6, 1920, in Bend, Deschutes County, Oregon, the defendant, in the presence of divers persons, maliciously spoke to and of the plaintiff the following false and slanderous words:

" 'You are nothing but a dirty, low-down prostitute,' and 'You are not fit to speak to or associate with anyone; I got a lot of stuff on you and can name dates.'

"3. That by the statement, 'I got a lot of stuff on you and can name dates,' defendant meant that he, defendant, could name dates on which this plaintiff had been guilty of lewd, lascivious, and immoral associations and relations with men."

The pleading concludes with an averment of general damages and demand for judgment.

The Circuit Court sustained a general demurrer to the complaint. The plaintiff refused to plead further and a judgment was entered against her, from which she appeals.            AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Ross Farnham.*

For respondent there was a brief and an oral argument by *Mr. R. S. Hamilton.*

BURNETT, C. J.—This case is governed by the parallel case of *Barnett* v. *Phelps,* 97 Or. 242 (191 Pac. 502), where the precise question is discussed by Mr. Justice HARRIS, the precedents collated and a conclusion reached adverse to the plaintiff.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

MCBRIDE, JOHNS and HARRIS, JJ., concur.